COPY

ORIGINAL
FILED

06 OCT 20 PM 3: 37

E-Filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Daniel R. Price (SBN: 073821)
   LAW OFFICES OF DAN PRICE
2  260 Sheridan Avenue, Suite 450
   Palo Alto, California 94306
3  Telephone: (650) 321-1440
   Facsimile: (650) 321-4746
4
   Floyd A. Mandell
5  Kristin J. Achterhof
   KATTEN MUCHIN ROSENMAN LLP
6  525 West Monroe Street
   Chicago, IL 60661-3693
7  Telephone: (312) 902.5200
   Facsimile: (312) 902.1061
8
   Attorneys for Plaintiff
9  Bill Romanowski

10

11                    **UNITED STATES DISTRICT COURT**

                                                            **PJH**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

14  BILL ROMANOWSKI, an individual,          )    **C 06 6575**
                                             )
15              Plaintiff,                    )    Case No. _____
                                             )
16       vs.                                  )
                                             )    **COMPLAINT FOR TRADEMARK**
17  RNI, LLC, an Arizona limited liability    )    **INFRINGEMENT, DILUTION, UNFAIR**
    company, and TOM INCLEDON, an             )    **COMPETITION, BREACH OF**
18  individual,                               )    **CONTRACT, INVASION OF PRIVACY,**
                                             )    **COMPUTER FRAUD, ECPA,**
19              Defendants.                   )    **CONVERSION**
                                             )
20  _____ )    **DEMAND FOR JURY TRIAL**

21

22       Plaintiff Bill Romanowski ("**Romanowski**"), by and through his undersigned legal counsel,

23  alleges as follows:

24                    **I.    JURISDICTION AND VENUE**

25       1.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 28

26  U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive

27  of costs and interest, and is between citizens of different states. This Court also has jurisdiction over

28  this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because it involves claims arising

Complaint                                    - 1 -

KMZ Rosenman
KATTEN MUCHIN ZAVIS ROSENMAN
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 office 310.788.4471 fax

under the Lanham Act, 15 U.S.C. §§ 1051, et seq.  This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367 because such claims arise out of the same common nucleus of operative facts as Plaintiff's Federal claims and would ordinarily be expected to be tried in one judicial proceeding..

2.    Venue is proper in this judicial district under 28 U.S.C. § 1391.

## II.    PARTIES

3.    Plaintiff Bill Romanowski is an individual who at all times relevant hereto was and is a resident of the City of Piedmont, County of Alameda, California.  Plaintiff is a nationally and internationally well-known personality, having first gained considerable fame and publicity over his various years as a premier, all-pro linebacker in the National Football League.

4.    Upon information and belief, defendant RNI, LLC ("**RNI**") is an Arizona limited liability corporation having a principal place of business at 4440 South Rural Road, Building F. Tempe, Arizona, 82582.

5.    Upon information and belief, defendant TOM INCLEDON ("**Incledon**") is a resident of the state of Arizona.  Incledon is the sole managing member of RNI.  Upon information and belief, Incledon has authorized and/or actively participated in the activities of RNI complained of herein, and he is primarily responsible for RNI's use of (i) "Pure Romo" and other marks and names that incorporate the term "Romo", "Romanowski" and/or non-material and/or confusingly similar variations thereof (hereinafter referred to as the "**ROMO Marks**") (ii) Plaintiff's name, likeness and/or derivatives and non-material variations of either (hereinafter referred to as the "**ROMO Images**"), for commercial purposes and (iii) e-mails of Plaintiff intercepted by RNI.  (RNI and Incledon may hereinafter sometimes be referred to together as the "**RNI Defendants**" or "Defendants").

6.    Upon information and belief, additional persons not yet known to Plaintiff participate in the ownership and/or operation of RNI, and Plaintiff will timely amend his Complaint to add such additional individuals as defendants as soon as they are identified.

## III.    FACTUAL BACKGROUND

7.    On July 7, 2004, Plaintiff filed with the United States Patent and Trademark Office a

federal Trademark Registration Application for the mark PUREROMO (Serial No. 78/447.220). This mark is one of the previously-referenced ROMO Marks.

8. Since on or about 2004. Plaintiff has utilized the ROMO Marks in conjunction with the marketing. sale and distribution of certain nutritional supplements.

9. Since on or about May of 2004. and solely (i) for so long as Plaintiff remained associated with the Business (as defined hereinafter in this paragraph 9). or (2) for so long as Plaintiff desired, Plaintiff licensed or otherwise permitted the use of the ROMO Marks to a joint venture nutritional supplement formulation. marketing. sale and distribution business (the "**Business**") in which Plaintiff was a 50% owner. The Business was formally organized as a limited liability company and operated under the name "RNI, LLC" and/or the fictitious business name "Pure Romo Nutrition". Nutritional supplements shall hereinafter sometimes be referred to as "**Products**".

10. Since on or about May of 2004. and solely for so long as Plaintiff remained associated with the Business, Plaintiff has licensed or otherwise permitted the use of the ROMO Images to the Business.

11. Since on or about May of 2004. the Business utilized and published the ROMO Marks in the course of the conduct of the Business.

12. Since on or about August of 2006, Plaintiff has become disassociated with the Business and has demanded that Defendants cease and desist any further use of any kind of the ROMO Marks and ROMO Images.

13. Despite the demands of Plaintiff as set forth in paragraph 12, Defendants and each of them have nonetheless and at all times from and after August of 2006 to the present (i) sponsored and published a website using the URL www.pureromonutrition.com (the "**Website**"), which Website markets. promotes and provides for the purchase of the Products into and in this Judicial District by using and publishing the ROMO Marks and the ROMO Images, and (ii) sponsored, published and sold the Products through print media. television and radio into and in this Judicial District by using and publishing the ROMO Marks and the ROMO Images. The conduct of Defendants alleged in this paragraph 13 is likely—if not substantially certain—to cause confusion

among consumers and suggest a continuing association between Plaintiff and Defendants and/or the Business, or that the Business is in some way sponsored or approved by Plaintiff. Upon information and belief, Defendants intentionally and willfully continue to use the ROMO Marks and the ROMO Images with knowledge of Plaintiff's exclusive rights to the use of same, in order to capitalize and benefit from the goodwill already built up by Plaintiff.

14. By the actions alleged herein, Defendants have generated untold revenues by capitalizing on Plaintiff's continuing nationwide celebrity, popularity and name recognition.

15. As a result of Plaintiff's extensive use and promotion of his ROMO Marks and ROMO Images in interstate commerce, such ROMO Marks have become widely recognized as being associated with Plaintiff and have acquired a distinctiveness and secondary meaning, and Plaintiff now has built up and owns valuable goodwill which is symbolized by the ROMO Marks and ROMO Images.

16. By virtue of the terms of the licensing of the ROMO Marks and ROMO Images to the Business, as well as the fact of Plaintiff's disassociation from the Business, Defendants and each of them were aware and had actual notice of Plaintiff's rights to and sole ownership of the ROMO Marks and the ROMO Images and the resultant unavailability of such ROMO Marks and ROMO Images to Defendants in the conduct of the Business.

17. Plaintiff engages in various business opportunities, some of which relate to the formulation, marketing, promotion, sale and distribution of nutritional supplements (referred to herein, individually and together, as the "**ROMO Businesses**")

18. By reason of Defendants' acts alleged herein, Plaintiff has suffered and will continue to suffer damage to his reputation and goodwill, as well as the loss of sales and profits in the ROMO Businesses, which sales and profits Plaintiff would have received but for Defendants' acts as alleged.

<u>COUNT I</u>

**UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN**

**(15 U.S.C. § 1125(a)(1)(A))**

19. Plaintiff incorporates by reference paragraphs 1 through 18 of the Complaint, as if fully set forth herein.

20.     As a result of Plaintiff's extensive use and promotion of Plaintiff's ROMO Marks for nutritional supplements and related goods and services, and Plaintiff's commitment to seeking federal registrations and protecting the distinctiveness of Plaintiff's ROMO Marks, such marks enjoy considerable goodwill, widespread recognition, and secondary meaning in commerce as associated with Plaintiff's nutritional supplements and related goods and services.

21.     Defendants' use of the ROMO Marks in interstate commerce to promote the Business of Defendants tends to falsely or misleadingly represent that Defendants are legitimately connected or associated with Plaintiff and the ROMO Marks, and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' Business and/or Defendants' Products by Plaintiff. This use of the ROMO Marks violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and is likely to cause damage to Plaintiff. Such damage is only further exacerbated by Defendants' continuing use of the ROMO Marks in proximity or association with the ROMO Images.

22.     By knowingly and intentionally attempting to trade upon the significant goodwill associated with the ROMO Marks by causing confusion or mistake in the marketplace, Defendants' ongoing activities clearly are nothing more than willful and deliberate attempts to capitalize on public deception.

23.     Defendants' wrongful acts of unfair competition through false designation of origin have caused, and are likely to continuing causing, irreparable harm to Plaintiff, as the full extent of Plaintiff's damages cannot be adequately compensated, or even measured at this time. Thus, Plaintiff has no adequate remedy at law, and, unless Defendants' unlawful acts are enjoined by this Court under 15 U.S.C. § 1116(a), Plaintiff will continue to suffer irreparable harm.

24.     Plaintiff has been, and continues to be, damaged by Defendants' activities and conduct. Accordingly, Plaintiff is entitled to recover an amount up to three times his damages, as well as Defendants' profits received as a result of Defendants' activities and conduct, pursuant to 15 U.S.C. § 1117(a).

25.     Defendants have used and continue to use the ROMO Marks as alleged herein after being placed on actual and constructive notice of Plaintiff's rights to the ROMO Marks, and have

refused to discontinue such use despite having received demands from Plaintiff that they do so. Consequently, this is an exceptional case for purposes of 15 U.S.C. § 1117(a), entitling Plaintiff to, among other things, an award of his attorneys' fees in this matter.

## COUNT II

### VIOLATION OF FEDERAL ANTI-DILUTION STATUTE

### (15 U.S.C. § 1125(c)(1))

26.     Plaintiff incorporates by reference paragraphs 1 through 25 of the Complaint. as if fully set forth herein.

27.     The ROMO Marks are famous marks under Section 43(c)(1) of the Lanham Act. 15 U.S.C. § 1125(c).

28.     Defendants, through their acts in this Judicial District, have made commercial use in interstate commerce of the ROMO Marks after said marks became famous.

29.     Defendants' use of the ROMO Marks has caused dilution of the distinctive quality of said marks by lessening the capacity of the marks to identify and distinguish goods and services in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c).

30.     Defendants have willfully intended to trade on the reputation of Plaintiff or to cause dilution of Plaintiff's famous ROMO Marks.

31.     Defendants' use of the ROMO Marks is greatly and irreparably damaging to Plaintiff, and will continue to irreparably damage Plaintiff unless restrained by this Court, and Plaintiff is without adequate remedy at law.

32.     Defendants have used the ROMO Marks despite being placed on actual and constructive notice of Plaintiff's rights to the said marks. and have refused to discontinue such use despite receiving demands from Plaintiff that they do so.  Consequently, this is an exceptiona: case for purposes of 15 U.S.C. § 1117(a), warranting an award to Plaintiff of, among other things, an award of his attorneys' fees in this matter.

### COUNT III

#### COMMON LAW TRADEMARK INFRINGEMENT
#### AND UNFAIR COMPETITION

33. Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.    Defendants' conduct constitutes deception, by means of which their Business activities and Products have been palmed off as being legitimately connected or associated with, or otherwise sponsored or authorized by Plaintiff. As a result, the public has been deceived and Defendants have received profits which, but for that deception, they would not have received. Such conduct constitutes unfair competition and trademark infringement in violation of the common law of the State of California.

35.    Plaintiff has extensively used the ROMO Marks in connection with nutritional supplements and related goods and services. By reason of Plaintiff's long-standing and extensive use, the ROMO Marks have become uniquely associated with Plaintiff and identify Plaintiff as the source or sponsor of goods and services identified by the ROMO Marks.

36.    Defendants' use of the ROMO Marks has caused or is likely to cause confusion or mistake or to deceive customers, consumers, and the general public as to the affiliation, association, or connection between Defendants and Plaintiff, and as to the origin, sponsorship, or other association between Plaintiff and the Products offered by Defendants.

37.    By reason of the foregoing, Defendants have willfully infringed and are continuing to infringe on Plaintiff's common law rights to the ROMO Marks. Defendants' unlawful conduct is greatly and irreparably damaging to Plaintiff, and will continue to irreparably damage Plaintiff unless restrained by this Court, and Plaintiff is without adequate remedy at law.

38.    Plaintiff is entitled to a preliminary and permanent injunction enjoining and restraining Defendants from engaging in all further infringement of the ROMO Marks and from further unfair competition, and for all resulting damages.

1

## COUNT IV

2

## TRADEMARK INFRINGEMENT

3

### (CAL. BUS. & PROF. CODE § 14335)

4   39.   Plaintiff incorporates by reference paragraphs 1 through 38 of the Complaint, as if

5   fully set forth herein.

6   40.   Defendants' acts described above constitute infringement of Plaintiff's rights to the

7   ROMO Marks in violation of California Business & Professional Code § 14335(a).

8   41.   Defendants' unlawful use of the ROMO Marks is greatly and irreparably damaging to

9   Plaintiff, and will continue to irreparably damage Plaintiff and irreparably impair the value of the

10   ROMO Marks unless Defendants are restrained by this Court.  Plaintiff is without adequate remedy

11   at law for this damage.

12   42.   Plaintiff is entitled to a preliminary and permanent injunction, enjoining Defendants

13   from further infringement of the ROMO Marks.

14

## COUNT V

15

## UNFAIR COMPETITION

16

### (CAL. BUS. & PROF. CODE § 17200)

17   43.   Plaintiff incorporates by reference paragraphs 1 through 40 of the Complaint, as if

18   fully set forth herein.

19   44.   Defendants' acts described above are likely to deceived the public, and constitute

20   unfair competition in violation of California Business & Professional Code §§ 17200, *et seq*.

21   45.   Defendants' conduct is greatly and irreparably damaging to Plaintiff, and will

22   continue to irreparably damage Plaintiff unless restrained by this Court, and Plaintiff is without

23   adequate remedy at law.

24   46.   Plaintiff is entitled to a preliminary and permanent injunction enjoining and

25   restraining Defendants from engaging in all unfair competition related to the ROMO Marks and the

26   ROMO Images.

27

28

## COUNT VI

### DILUTION UNDER CALIFORNIA LAW

### (CAL. BUS. & PROF. CODE § 14330)

47.     Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint. as if fully set forth herein.

48.     Plaintiff owns and has extensively used the ROMO Marks throughout this judicial district. throughout the United States, and internationally in connection with nutritional supplements and related goods and services.  By reason of Plaintiff's long-standing and extensive use. the ROMO Marks have become exceedingly well-known and famous.  Plaintiff's ROMO Marks became famous prior to any of Defendants' acts at issue.

49.     Defendants' use of the ROMO Marks has diluted and is likely to continue to dilute the distinctiveness of these marks in violation of California Business & Professional Code § 14330.

50.     Defendants willfully intended to trade on Plaintiff's image and reputation or to cause dilution of said famous ROMO Marks.

51.     Defendants' use of the ROMO Marks is greatly and irreparably damaging to Plaintiff, and will continue to irreparably damage Plaintiff unless restrained by this Court, and Plaintiff is without adequate remedy at law.

52.     Plaintiff is entitled to a preliminary and permanent injunction enjoining and restraining Defendants from engaging in all further acts of dilution pursuant to California Business & Professional Code § 14330.

## COUNT VII

### INVASION OF PRIVACY – ROMO Marks & Images

### (COMMON LAW)

53.     Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint. as if fully set forth herein.

54.     On or about August. 2006. and continuously thereafter. Defendants. without Plaintiff's consent, invaded Plaintiff's right to privacy by appropriating and by publishing and commercially distributing via the Website. and, on information and belief. via print media, television

---

Complaint                                          - 9 -

and radio. promotions. advertising and marketing for Products of Defendants' Business, using Plaintiff's name, ROMO Marks and/or ROMO Images. and thereby implying Plaintiff's (i) assistance and participation in the preparation of the publication. (ii) association with the Business of Defendants. and (iii) sponsorship of the Products.  Such implications were and are deceptive and untrue.  A representative example of such publication is attached as Exhibit A to the Complaint and incorporated herein by this reference. Exhibit A represents copies of several "pages" of the Website as of October 11. 2006.  Exhibit A is replete with ROMO Marks, ROMO Images and Plaintiff's name.

55.     The appropriation of the ROMO Marks. ROMO Images and Plaintiff's name was unauthorized and without Plaintiff's consent.

56.     Defendants' conduct as herein alleged involved the appropriation of Plaintiff's name. likeness (by the use of literal photographs clearly identifiable as Plaintiff) and personality

57.     The appropriation was for Defendants' advantage. in that it was done for the pecuniary gain and profit of Defendants and each of them related to the Business.

58.     As a result of Defendants' conduct. Plaintiff has been and will continue to be damaged in an amount to be determined at trial

<u>COUNT VIII</u>

**INVASION OF PRIVACY**

**(CALIFORNIA CIVIL CODE SECTION 3344)**

59.     Plaintiff incorporates by reference paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

60.     On or about August. 2006, and continuously thereafter. Defendants, without Plaintiff's consent. invaded Plaintiff's right to privacy by appropriating and by publishing and commercially distributing via the Website, and. on information and belief, via print media, television and radio. promotions. advertising and marketing for Products of Defendants' Business. using Plaintiff's name. ROMO Marks and/or ROMO Images. and photographs of Plaintiff, thereby implying Plaintiff's (i) assistance and participation in the preparation of the publication. (ii) association with the Business of Defendants. and (iii) sponsorship of the Products.  Such

implications were and are deceptive and untrue.  A representative example of such publication is attached as Exhibit A.

61.    The appropriation of the ROMO Marks, ROMO Images and Plaintiff's name was unauthorized and without Plaintiff's consent and in violation of California Civil Code Section 3344.

62.    Defendants' conduct as herein alleged involved the appropriation of Plaintiff's name, likeness (by the use of literal photographs making Plaintiff readily identifiable) and personality

63.    The appropriation was for Defendants' advantage in that it was done for the purpose of advertising or soliciting purchases of Products from Defendants Business and therefore for the pecuniary gain and profit of Defendants and each of them related to the Business.

64.    As a result of Defendants' conduct, Plaintiff has been and will continue to be damaged in an amount to be determined at trial, but which damages include Defendants' profits, and/or statutory damages of $750 per violation, and punitive damages and attorneys fees.

## COUNT IX

### COMPUTER FRAUD AND ABUSE ACT

### (18 USC § 1030 et seq.)

65.    Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint, as if fully set forth herein.

66.    On or about July 12, 2006, and while Incledon was present as a guest at the home of Plaintiff, Plaintiff requested of Incledon to help set up the new Dell lap top personal computer (the ("**Personal Computer**") that Plaintiff had just purchased.  Plaintiff has only the most rudimentary knowledge of computers.

67.    Incledon agreed to and in fact did set-up the computer which set-up included among other things providing access to and use of Plaintiff's pre-existing personal e-mail account address. Incledon was generally aware of Plaintiff's pre-existing personal e-mail account address which Incledon confirmed to be the address Plaintiff wished to continue to use.  That personal e-mail account address and account shall hereinafter be referred to as the "**Romo Personal E-Mail Account**").

68.    Unbeknownst to Plaintiff and without the consent or authorization of Plaintiff,

Incledon "set-up" the Personal Computer and the Romo Personal E-Mail Account such that all e-mails directed to Plaintiff at the Romo Personal E-Mail Account or sent by Plaintiff from the Romo Personal E-Mail Account (jointly and severally the "**Romo E-Mails**") would be contemporaneously received by accounts on a server or servers hosted, owned, operated and/or controlled by and freely accessible to RNI (the "**RNI Account**").

69.     Untold personal, confidential and private Romo E-Mails have been sent to and from the Romo Personal E-Mail Account, including e-mails containing privileged attorney-client communications and proprietary and sensitive personal business communications from and after July 12, 2006 to and including on or about October 10, 2006, when Plaintiff discovered the hereinbefore actions that had been taken by RNI and took actions to immediately eliminate the RNI Account as a recipient of any Romo E-Mails.   Plaintiff believes that he has, on or about October 10, 2006, successfully eliminated any possibility of the transmission of any Romo E-Mails to the RNI Account.

70.     The Computer Fraud and Abuse Act ("**CFAA**") provides for a cause of action against anyone who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . .information . . if the conduct involved an interstate or foreign communication . ." 18 USC § 1030.

71.     18 USC  1030(g) provides that "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief".

72.     RNI intentionally accessed the Personal Computer and the Romo Personal E-Mail Account maintained thereon without consent, by installing instructions in and on the Romo Personal E-Mail Account and the Personal Computer which caused the Romo E-Mails to be transmitted to the RNI Account.

73.     Plaintiff's Personal Computer and the Romo Personal E-Mail Account maintained thereon are used in interstate communications and commerce and are protected computers within the meaning of the CFAA.

74.     Plaintiff has been damaged as a result of the actions of RNI alleged herein.

Specifically. there has been a loss of privacy and confidential, proprietary and privileged information as well as other ramifications not yet fully known or understood.

75.    As a result of Defendants' conduct, Plaintiff has been and will continue to be damaged in an amount to be determined at trial.

**COUNT X**

**ELECTRONIC COMMUNICATIONS PRIVACY ACT**

**(18 USC § 2707 AND 2520 et seq.)**

76.    Plaintiff incorporates by reference paragraphs 65 through 75 of the Complaint, as if fully set forth herein.

77.    The ECPA provides a private right of action against one who "intentionally intercepts. endeavors to intercept, or procures any other person to interecept or endeavor to intercept, any wire. oral, or electronic communications" 18 USCA § 2707 and 2520.

78.    By doing the things hereinbefore alleged RNI intentionally and without consent intercepted Plaintiff's e-mail communications for tortious purposes, specifically to spy on the private and personal communications of Plaintiff.

79.    On information and belief Plaintiff alleges that RNI has disclosed certain of the Romo E-Mails to others knowing that the Romo E-Mails were illegally obtained.

80.    As a result of RNI's misconduct, Plaintiff was damaged as alleged herein alleged. Pursuant to Section 2707 of the ECPA. Plaintiff is entitled to be compensated for his damage, the Defendants' profits, and/or entitled to statutory damages of $1,000 per violation, and punitive damages and attorneys fees.

**COUNT XI**

**INVASION OF PRIVACY – ROMO E-Mail**

**(COMMON LAW)**

81.    Plaintiff incorporates by reference paragraphs 65 through 80 of the Complaint. as if fully set forth herein.

82.    On or about July 12. 2006. and continuously thereafter until on or about October 10, 2006. Defendants. without Plaintiff's consent, invaded and intruded upon Plaintiff's right to privacy

1   by diverting Romo E-Mails to the RNI Account as hereinbefore alleged.

2       83.     The divertion of the Romo E-Mails as hereinbefore alleged was unauthorized and

3   without Plaintiff's consent.

4       84.     The invasion and intrusion was offensive and objectionable to Plaintiff and to a

5   reasonable person of ordinary sensibilities in that the e-mails diverted contained personal,

6   confidential. proprietary and privileged information and Plaintiff implemented the mechanism for

7   the divertion of the Romo E-Mails while ostensibly assisting Plaintiff in setting up Plaintiff's

8   Personal Computer and Romo Personal E-Mail Account.

9       85.     The invasion and intrusion was into a place or thing, namely the Personal Computer

10  and the Romo Personal E-Mail Account maintained thereon, was private and entitled to be private as

11  that is the inherent nature of a personal e-mail account.

12      86.     As a result of Defendants' conduct. Plaintiff has been and will continue to be

13  damaged in an amount to be determined at trial.

14      87.     In doing the things hereinbefore alleged, Defendants and each of them are guilty of

15  oppression, fraud and malice.  Plaintiff therefore seeks an award of punitive damages.

16                              **COUNT XII**

17                              **CONVERSION**

18                              **(COMMON LAW)**

19      88.     Plaintiff incorporates by reference paragraphs 65 through 87 of the Complaint, as if

20  fully set forth herein.

21      89.     The actions of Defendants as hereinbefore alleged are a conversion of assets owned

22  by the Plaintiff. namely Romo E-Mails.

23      90.     As a result of Defendants' conduct, Plaintiff has been and will continue to be

24  damaged in an amount to be determined at trial.

25      91.     In doing the things hereinbefore alleged, Defendants and each of them are guilty of

26  oppression. fraud and malice.  Plaintiff therefore seeks an award of punitive damages.

27      92.     Plaintiff alleges that the full nature and extent of the conversion of assets by Defendants

28  is peculiarly within the knowledge of Defendants.

## REQUEST FOR PRELIMINARY INJUNCTION

A.      Plaintiff incorporates by reference paragraphs 1 through 92 of the Complaint, as if fully set forth herein.

B.      Plaintiff is entitled to a preliminary injunction enjoining Defendants' continued wrongdoing until a trial on the merits. Plaintiff has a likelihood of success on the merits on the causes of action alleged herein.

C.      As described above, Plaintiff will suffer irreparable injury if this Court does not grant a preliminary injunction. Unless Defendants are enjoined and restrained, they will continue to injure Plaintiff through their unauthorized use of the ROMO Marks and/or the ROMO Images, all to Plaintiff's irreparable damage. The continual and systematic use of these marks will increasingly cause injury to Plaintiff. Under these circumstances, it would be impossible to ascertain an amount of compensation that will afford Plaintiff adequate relief for the injury to his reputation, goodwill, and his ROMO Marks and ROMO Images.

D.      The hardship that Plaintiff will suffer if Defendants are allowed to continue their use of the ROMO Marks and/or ROMO Images through trial far outweigh any hardship to Defendants if an injunction is not issued. Plaintiff has spent considerable time and money promoting his ROMO Marks and ROMO Images and developing the associated goodwill and reputation. Upon information and belief, Defendants have been wrongfully using the ROMO Marks and ROMO Images for a much shorter time – less than three months. As a result, the harm suffered by Defendants upon issuance of this injunction is minimal compared to the irreparable injury to Plaintiff if it is not issued.

E.      Public interest weighs in favor of this Court granting a preliminary injunction. The public is deceived and confused by Defendants' unauthorized use of the ROMO Marks and/or ROMO Images, and likely will continue to be deceived, confused, misled, and injured as a result of Defendants' continuing acts. Consequently, a preliminary injunction is appropriate relief until a trial on the merits in this cause.

**PRAYER FOR RELIEF**

WHEREFORE. Plaintiff prays that judgment be entered in his favor and against Defendants. jointly and severally. as follows:

A.     Permanently enjoining and restraining Defendants and all others in active concert or participation with them from:

(i)     selling. offering for sale. holding for sale. advertising, or promoting any goods or services using ROMO Images and/or trademarks, tradenames. service marks, or Internet domain names that are comprised in whole or in part by the term "Romo." "Romanowski" or that are confusingly similar to any of the ROMO Marks;

(ii)     filing or in any way prosecuting an application for federal or state trademark. service mark, or tradename registration for any mark or name comprised in whole or in part by the terms "Romo," "Romanowski" or any other term. mark. or name confusingly similar to any of the ROMO Marks:

(iii)     acquiring, owning, or using any Internet domain names that are comprised in whole or in part by the terms "Romo" or "Romanowski." or that otherwise incorporate any terms, marks or names confusingly similar to any of the ROMO Marks; and

(iii)     doing any other act or thing. including but not limited to the use of ROMO Images. that is likely to induce the belief that Defendants' goods or services are in any way connected with Plaintiff, or that is likely to diminish the distinctiveness of any of the ROMO Marks;

B.     Requiring Defendants and all others in active concert or participation with them to deliver to Plaintiff for destruction any and all stationery, circulars, catalogs. charts, brochures, advertising material. labels. packaging. signs, Products, and all other material in their possession. custody, or control that contain the terms "Romo." "Romanowski," or any other terms, marks, or names confusingly similar to any of the ROMO Marks and/or contain any ROMO Images;

C.     Requiring Defendants and all others in active concert or participation with them to transfer to Plaintiff all Internet domain names that contain or comprise in whole or in part the terms "Romo" or "Romanowski," or that otherwise incorporate any terms. marks. or names confusingly similar to any of the ROMO Marks;

D.      Requiring Defendants. pursuant to Sec. 35 of the Lanham Act. 15 U.S.C. §1117, to:

      (i)      account for and pay over to Plaintiff all profits derived by Defendants from the acts complained of herein;

      (ii)     reimburse Plaintiff for all damages suffered by Plaintiff by reason of Defendants' acts complained of herein;

      (iii)    reimburse Plaintiff for the costs of this action;

      (iv)    reimburse Plaintiff for his reasonable attorneys' fees; and

      (v)      remit to Plaintiff treble damages;

E.      An award of reasonable attorneys' fees, costs, and expenses;

F.      An award of prejudgment interest on any and all damages awarded;

G.      All statutory damages available pursuant to the claims made herein;

H.      An award of compensatory, punitive and exemplary damages including Defendants' profits. as such damages are made available pursuant to the claims made herein; and

I.      Requiring that Plaintiff be awarded such other relief as this Court deems just and reasonable.

### Jury Demand

Plaintiff demand a trial by jury on all claims so triable.

Dated: October 16, 2006

Respectfully submitted,

Daniel R. Price
LAW OFFICES OF DAN PRICE
260 Sheridan Avenue, Suite 450
Palo Alto, California 94306
Telephone: (650) 321-1440
Facsimile: (650) 321-4746

Floyd A. Mandell
Kristin J. Achterhof
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Telecopy: (312) 902-1061

Attorneys for Plaintiff Bill Romanowski

EXHIBIT A

# neuropath

PURE ROMO

**HOME    PRODUCTS    ORDER    SUCCESS STORIES    ABOUT US    CONTACT**

## :: OUR MISSION

Pure Romo Nutrition is the ultimate combination of scientific research and brain enhancement

- Stimulates Brain to Muscle Communications
- Enhances Short and Long Term Memory
- Improves Focus and Attention to Detail

100% Money Back 30-Day Guarantee On All Products

## :: DAILY BRAIN TIP

Name

Email

Signup

## :: NEWS

Neuropath Site Changes 8/8/06

Personalized autograph of Bill Romanowski's Book ROMO is now available on the products page.

Also Personalized Autographed Copies of the inventor of Neuropath Thomas Incledon's Book MAXIMUM MUSCLE is now available



### NEUROPATH : THE ULTIMATE BRAIN ENHANCEMENT

**ORDER NOW!!** CLICK HERE to order your own supply! Fast, easy, secure! Order now and save!

- Stimulates Brain to Muscle Communications
- Enhanced Short and Long Term Memory
- Improves Focus and Attention to Detail

## :: SUCCESS STORIES





Copyright 2005 PureRomo Nutrition : All Rights Reserved



**HOME | PRODUCTS | ORDER | SUCCESS STORIES | ABOUT US | CONTACT**

## ABOUT US

Today's world is not an equal opportunity provider, and excellence is guaranteed to no one. From the smallest of routine tasks to our most brilliant achievements, success ultimately depends upon how well our brain dictates performance. Only you will choose how to invest in your brain's potential.

Neuropath, the pioneer in brain augmentation, instantly enhances pathways to the nervous system that facilitate neuronal repair and nerve conduction velocity, giving you improved brain-to-muscle communication. In layman's terms Neuropath will help you feel smarter, stronger, faster and more focused.

NFL legend Bill Romanowski, renowned for extending pre-existing frontiers of athletic performance, collaborated with innovative sports scientist Thomas Incledon, to create Neuropath. The result of this ground-breaking union between science and human performance is a company that is committed to the elevation of human achievement to the next frontier. Previously available only to elite athletes, Neuropath is now commercially available to anyone dedicated to *Supplementing Their Success.*

Neuropath makes an ideal companion to those who truly believe that being exceptional is their human obligation.

People using Neuropath have reported:

- Increased Strength and Endurance
- Stimulated Healthy Hormone Production
- Lowered Cortisol Levels

Case4:06-cv-06575-PJH   Document1   Filed10/20/06   Page20 of 25

NEUROPATH: About Us

- Improved Memory

- Increased Circulation in the Brain

- Improved Cognitive Performance

- Enhanced Recovery

- Elevated Mood

For everything you need to know about Neuropath download this informative fact sheet

For everything you need to know about SleepTime download this informative fact sheet

## ABOUT OUR PRICE

Other nutrition companies create a product based on price, not on quality and benefits. That's why every product they carry falls into that $30.00 range. The problem is the product has little benefit to the user unless it's taken in massive doses. When Tomas Incledon and Bill Romanowski developed Neuropath they didn't want price vs. quality to be a factor. The only thing that was important to them was that it would give its users real benefits and results. Neuropath's ingredients are in an entire different league compared to what is at your local nutrition center and we GUARANTEE your results will be too.

*These statements have not been evaluated by the FDA. This product is not intended to diagnose, treat, cure or prevent and disease.*

Copyright 2005 PureRomo Nutrition | All Rights Reserved



| HOME | PRODUCTS | ORDER | SUCCESS STORIES | ABOUT US | CONTACT |

PRODUCTS

For everything you need to know about SleepTime download this _informative fact sheet_

For everything you need to know about Neuropath download this _informative fact sheet_

## AUTOGRAPHED BOOKS







**Romo - Bill Romanowski - $24.95 Plus S&H**
Buy Bill Romanowski's Book _Romo: My Life On The Edge._

[ Add To Cart ]  ~ or ~  [ Buy Now ]

**Personalized Autographed Romo - Bill Romanowski - $50.00 Plus S&H**
Buy An Autographed Copy Of Bill Romanowski's Book _Romo: My Life On The Edge._ Proceeds go to Brain Research.

[ Add To Cart ]  ~ or ~  [ Buy Now ]

**Maximum Muscle - Thomas Incledon - $31.95 Plus S&H**
Buy Thomas Incledon's Book _Maximum Muscle._

[ Add To Cart ]  ~ or ~  [ Buy Now ]

NEUROPATH: Products



Personalized Autographed Maximum Muscle - Thomas Incledon - $50.00 Plus S&H
Buy An Autographed Copy Of Thomas Incledon's Book *Maximum Muscle*. Proceeds go to Brain Research.

**Add To Cart** ~ or ~ **Buy Now**

SLEEPTIME



SLEEPTIME ORANGE DREAM - $99.97 Plus S&H
Trouble falling asleep?
Tired of taking supplements or medications that leave you feeling drowsy in the morning?
Worried about becoming addicted to your sleep aid?
If you said yes to any of these questions SleepTime is for you! This product uses precise amounts sleep-supporting nutrients to help you enjoy a better night's rest. You'll wake up the next morning feeling refreshed and full of energy.

**Add To Cart** ~ or ~ **Buy Now**

SLEEPTIME Root Beer Float - $99.97 Plus S&H
Trouble falling asleep?
Tired of taking supplements or medications that leave you feeling drowsy in the morning?
Worried about becoming addicted to your sleep aid?
If you said yes to any of these questions SleepTime is for you! This product uses precise amounts sleep-supporting nutrients to help you enjoy a better night's rest. You'll wake up the next morning feeling refreshed and full of energy.

**Add To Cart** ~ or ~ **Buy Now**

NEUROPATH

NEUROPATH - $160 Plus S&H




Neuropath, the pioneer in brain augmentation, instantly enhances pathways to the nervous system that facilitate neuronal repair and nerve conduction velocity, giving you improved brain-to-muscle communication. In layman's terms Neuropath will help you feel smarter, stronger, faster and more focused.

**Add To Cart**  ~ or ~  **Buy Now**

## Monthly Autoship Program



### NEUROPATH MONTHLY AUTOSHIP PROGRAM - $160 Plus S&H/ Each Month

Never worry about having to reorder Neuropath again! Order your first container of Neuropath and continue to receive your order every 30 days. Simply pick Neuropath Monthly Autoship Program to receive automatic bill pay every 30 days. To cancel just call 1-877-787-3053 and tell one of our representatives. Subscribers will receive different free gifts throughout the program and samples of our newest products before anyone else. Also subscribers will be entered to win an autographed copy of Bill Romanowski's book ROMO.

**Add To Cart**  ~ or ~  **Buy Now**

## Save More Money When You Pay In Advance!



### NEUROPATH  FULL YEAR - $1750.00

Pay for ten containers of Neuropath in advance and receive 2 containers free. You will be billed just once for the 10 containers. Every 30 days a container will arrive at your doorstep. Subscribers will receive different free gifts throughout the program and samples of our newest products before anyone else. All subscribers will be entered to win a Bill Romanowski autographed jersey.

**Add To Cart**  ~ or ~  **Buy Now**

*100% Money Back 30-Day Guarantee On All Products*

NEUROPATH: Products

Copyright 2005 PureRoxio Nutrition | All Rights Reserved

http://www.pureromonutrition.com/products.php