UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILL ROMANOWSKI,

    Plaintiff,

    v.

RNI, LLC, et al.,

    Defendants.
_____/

No. C 06-6575 PJH

**ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING MOTION TO TRANSFER VENUE**

The motion of defendant Tom Incledon ("Incledon") to dismiss for lack of personal jurisdiction, and the motion of defendants RNI, LLC ("RNI") and Incledon to transfer venue to the District of Arizona came on for hearing before this court on January 31, 2007. Plaintiff Bill Romanowski appeared by his counsel Daniel R. Price, and defendants appeared by their counsel Robert Grasso, Jr. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motions as follows and for the reasons stated at the hearing.

<u>Motion to Dismiss Defendant Incledon for Lack of Personal Jurisdiction</u>

Defendant Tom Incledon argues that he must be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. He does not live or work in California, and he contends that he does not have sufficient contacts with California to warrant the exercise of jurisdiction over him in this state. The court finds that the motion must be DENIED. Plaintiff has provided sufficient evidence to establish a prima facie case of specific jurisdiction over Incledon in this judicial district.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is proper. Rio Properties, Inc. v.

Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).  Where the motion is based on written materials rather than on an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  In such cases, the court need only inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction.  Id.

To comport with due process, the court must consider whether Incledon has sufficient "minimum contacts" with California, such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  California's long-arm statute authorizes the exercise of jurisdiction on any basis not inconsistent with the state or federal Constitution.  Cal. Code Civ. Proc. § 410.10.

Personal jurisdiction over a non-resident of the forum state can be either "general" or "specific."  If a defendant is domiciled in the forum state, or if its activities there are "substantial, continuous, and systematic," a federal court can (if permitted by the state's "long arm" statute) exercise jurisdiction as to any cause of action, even if unrelated to the defendant's activities within the state.  Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445 (1952).  This is referred to as "general jurisdiction."  There is no dispute that the court does not have general jurisdiction over Incledon in this case.

If a non-resident's contacts with the forum state are not sufficiently "continuous and systematic" for general jurisdiction, that defendant may still be subject to "specific jurisdiction" on claims related to its activities or contacts in the forum.  A plaintiff may assert specific jurisdiction over a defendant where: (1) the defendant has purposefully availed himself of the benefits and protections of the forum state; (2) the claim arose directly out of defendant's contacts with the forum state; and (3) the exercise of jurisdiction is reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985).  These requirements protect non-residents from being sued in foreign courts as a result of "random, fortuitous or attenuated contacts" over which they had no control."  Id.  If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.

See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

"Purposeful availment" requires that the defendant have either purposefully directed its activities at residents of the forum, or purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of local law. Hanson v. Denckla, 357 U.S. 235, 253-54 (1958). True "purposeful availment" is generally applied in cases involving contract claims, while "purposeful direction" is more often used in cases involving tort claims. Schwarzenegger, 374 F. 3d at 802-03. Here, since plaintiff alleges tort claims only, the "purposeful direction" standard applies.

Plaintiff alleges claims with regard to two asserted wrongs – the infringement/dilution of his marks, and the conversion of e-mails on his personal laptop computer. The court finds that plaintiff has not established that Incledon purposefully directed any activities to California or residents of the state with regard to the alleged infringement/dilution.

The alleged infringement/dilution occurred on a website owned and operated by RNI. RNI is an Arizona limited liability company, formed by plaintiff and Incledon in May 2004, and governed by an operating agreement. Plaintiff and Incledon were the only members of the LLC, and Incledon is currently the sole managing member.[1] Plaintiff's claim that the exercise of personal jurisdiction over Incledon is proper in California is based solely on Incledon's status as the managing member of RNI.

"[T]he 'effects' test, which is used to determine "purposeful direction," requires that the plaintiff allege that the defendant has (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Plaintiff argues that Incledon "caused to be published into this judicial district a commercial website and other tangible publications offending the law." He argues that the website at issue, www.pureromonutrition.com, offers the website viewer the opportunity to purchase "a

---

[1] Plaintiff alleges that he "became disassociated" from RNI in August 2006. However, at the hearing on the present motion, plaintiff's counsel stated that plaintiff remains a member of the LLC.

range of products," including nutritional supplements and a book entitled Romo that is "displayed at the website with a jacket cover showing [p]laintiff." Plaintiff asserts that the "level of commercial activity supported and promoted by the website and the obligations to California residents created by sales off of the [w]ebsite" demonstrate purposeful availment.

The parties do not dispute that RNI is subject to personal jurisdiction in California. See, e.g., Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 417-18 (9th Cir. 1997) (courts look at level of interactivity and commercial nature of exchange of information that occurs on website to determine whether sufficient contacts exist to warrant the exercise of jurisdiction; jurisdiction more likely to be found where website is "interactive" site that allows users to exchange information with host computer). Incledon claims that the only actions he has taken with regard to RNI's website are actions in his official capacity as RNI's managing member. For his part, plaintiff has provided no evidence establishing that Incledon committed any acts of trademark infringement/dilution independently of the acts allegedly committed by RNI. Thus, the question is whether Incledon is subject to personal jurisdiction, based solely on his status as RNI's managing member.

Jurisdiction over a corporation does not necessarily mean that the court has power over the entity's nonresident officers, directors, agents or employees acting in their official capacities. Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989). Incledon, a managing member of RNI, argues in effect that he is protected by the fiduciary shield doctrine, under which "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." Id. The court notes, however, that the corporate form does not automatically shield a nonresident officer or agent who has committed tortious acts locally, simply because he or she acted on behalf of the corporation. See id. at 521 (no "fiduciary shield" protects corporate employees from local jurisdiction in actions in which they are otherwise suable individually).

Here, because plaintiff has not established that Incledon purposefully directed activities toward plaintiff, a resident of the state, with regard to the alleged

4

infringement/dilution of plaintiff's marks, the court finds that Incledon's mere status as RNI's managing member is not sufficient to permit jurisdiction to be asserted over him as to those claims.[2]  See also Colt Studio, Inc. v. Badpuppy Enter., 75 F.Supp. 2d 1104, 1111 (C.D. Cal. 1999) (acts of corporate officers and directors in their official capacities are acts of the corporation exclusively, and thus not material for purposes of establishing minimum contacts as to the individual officer or director).

By contrast, with regard to the computer fraud/conversion causes of action, it is Incledon's alleged wrongdoing that is at issue.  While Incledon was plainly acting on RNI's behalf in connection with any activities involving the use of the "ROMO marks" on RNI's website – the intended function of which is to sell RNI's nutritional supplements – it is not so clear that he was acting for RNI when he allegedly set up plaintiff's laptop computer so that any e-mail directed to or originating from plaintiff would also be directed to RNI's server.  The alleged manipulation of plaintiff's computer was unrelated to RNI's business purpose (the marketing and sale of nutritional supplements), and Incledon cannot rely on the fiduciary shield doctrine as to the computer-related causes of action.

The second requirement for specific jurisdiction is that the plaintiff's claim must arise out of the defendant's forum-related activities.  The Ninth Circuit applies a "but-for" test to determine whether a particular claim arises out of or is related to forum-related activities. Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995); see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002).

Here, plaintiff has not established that the infringement/dilution claims arise out of Incledon's forum-related activities.  As noted above, plaintiff has not established that Icledon engaged in any activity in California in connection with the alleged infringement/dilution.  With regard to the computer fraud/conversion claims, however, plaintiff has alleged, and has arguably established by means of declarations, that Incledon,

---

[2] This is intended as a finding with regard to the question whether plaintiff has established a prima facie case of personal jurisdiction.  The court is not making a final determination under the fiduciary shield doctrine that Incledon is not liable under the alleged infringement/dilution claims.

while at plaintiff's California residence, set up plaintiff's computer so that all plaintiff's e-mails would be directed to the RNI server.  It is true that Incledon denies these allegations, asserting in a declaration that any work he did on plaintiff's computer was performed in Arizona.  Nevertheless, in ruling on a motion to dismiss for lack of personal jurisdiction, the court must resolve conflicts contained in affidavits in favor of the plaintiff. See Schwarzenegger, 374 F.3d at 800.

Once a plaintiff has satisfied the first two factors, as plaintiff has done here with regard to the computer fraud/conversion claims, the burden shifts to the defendant to overcome a presumption that jurisdiction is reasonable by presenting a compelling case that specific jurisdiction would be unreasonable under the circumstances. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998) (citing Burger King, 471 U.S. at 476-77).

In the Ninth Circuit, courts must balance seven factors to determine reasonableness – the extent of the defendant's purposeful availment, the burden on the defendant to litigate in the forum, the extent of conflict with the defendant's sovereign state, the forum's interest in hearing the dispute, the most efficient means of resolving the controversy, the importance to the plaintiff of a convenient forum and effective relief, and the existence of an alternative forum. Ballard, 65 F.3d at 1500-02.

The court finds that Incledon has not met his burden of showing that the reasonableness factors weigh against personal jurisdiction.  First, the extent of Incledon's purposeful availment is somewhat limited, so that factor favors Incledon, though only slightly.  Second, the burden on Incledon of litigating in California will be no greater than would be the burden on plaintiff of litigating in Arizona, so that factor is neutral.  Third, the parties have identified no conflict between California and Arizona, so that factor is also neutral.  Fourth, California has a strong interest in hearing the dispute, because of all the California statutory claims (Incledon's argument to the contrary).  Fifth, it would be no more efficient to resolve the controversy in Arizona than in California, so this factor is neutral. Sixth, it is important to plaintiff to have the dispute resolved in California, so that factor

6

favors plaintiff. Seventh, Arizona is a viable alternative forum, but not particularly preferable to California.

Accordingly, based on the determination that personal jurisdiction is proper with regard to the computer fraud/conversion claims, the court finds that the motion to dismiss must be DENIED. The court notes, however, that Incledon may raise this issue again in a dispositive motion, or at trial, if he has evidence sufficient to show that the alleged manipulation of plaintiff's computer did not occur in California.

Where a court denies a motion to dismiss for lack of personal jurisdiction, the case may proceed to trial without any waiver of the jurisdictional challenge. Stewart v. Ragland, 934 F.2d 1033, 1036 n.5 (9th Cir. 1991). If the defendant again contests the plaintiff's prima facie showing (at a later evidentiary hearing or at trial) plaintiff will be required to prove the existence of minimum contacts by a preponderance of the evidence. Rano v. Sipa Press, Inc., 987 F.2d 580, 587 n.3 (9th Cir. 1993); see also Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977); Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2006) § 9:119. Thus, depending on the outcome of the dispute regarding the extent of Incledon's forum-based activities – specifically, whether the computer manipulation occurred; and if it did occur, where it occurred – the possibility exists that Incledon may at some future point be dismissed from this action for lack of personal jurisdiction.

## Motion to Transfer Venue

Defendants argue that the court should transfer this case to the District of Arizona. The court finds that the motion must be DENIED. Defendants have not met their burden of showing that transfer is warranted under 28 U.S.C. § 1404(a).

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this provision, the district court has discretion to adjudicate motions to transfer based on an individualized, case-by-case consideration of convenience and fairness. Stewart Organization, Inc. v. Ricoh Corp., 487

U.S. 22, 29 (1988), cited in Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

Defendants bear the burden of showing that transfer is proper. Defendants have established the first requirement under § 1404(a) – that the District of Arizona is one in which the action might have been brought originally. Under 28 U.S.C. § 1391(b)(1), which provides that in cases not based on diversity of citizenship, venue is proper in a judicial district where any defendant resides, if all defendants reside in the same state, venue is proper in the District of Arizona because both defendants reside there.

However, there is a second requirement under § 1404(a): Defendants also bear the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981). Defendants have not made a strong showing that transfer to the District of Arizona would benefit the parties and the witnesses, or that the interests of justice warrant transfer.

In considering the balance of conveniences, the court employs a case-by-case analysis, which may include evaluation of the following factors: 1) the location where the relevant documents were negotiated and executed; 2) the state most familiar with the governing law (in order to avoid confusion with application of foreign law); 3) plaintiff's choice of forum; 4) the parties' contacts with the forum and the connection between plaintiff's cause of action and the chosen forum; 5) the differences in the costs of litigation in the two forums and congestion of the courts; 6) the ability to compel attendance of unwilling non-party witnesses; 7) the ease of access to sources of proof and the convenience of the witnesses; 8) the relevant public policy of the forum state and whether there is a local interest in having localized controversies decided at home; and 9) the unfairness of imposing jury duty on citizens in a forum unrelated to the action. Jones, 211 F.3d at 498-99.

In the present case, with regard to the first factor – the location where the relevant

documents were negotiated and executed – defendant has not established the existence of any documents relevant to the claims asserted by plaintiff in this action. Contrary to defendants' argument, the existence and interpretation of the RNI operating agreement does not appear to be directly at issue in this case. And even if the operating agreement were at issue, defendants have provided no evidence regarding the location where it was negotiated and executed.

With regard to the second factor – the state most familiar with the governing law (in order to avoid confusion with application of foreign law) – defendants have not established that Arizona is more familiar with the law underlying the causes of action alleged in the complaint. The complaint asserts twelve causes of action – four under federal statutory law, four under California statutory law, and four under common law. As stated above, defendants have not established that the RNI operating agreement is at issue in this case. Thus, the court does not accept defendants' argument that because the RNI operating agreement provides that the agreement shall be construed in accordance with Arizona law, the claims under federal and California statutory law can be considered only under Arizona law. The court finds that California is more familiar with the governing law than is Arizona.

With regard to the third factor – plaintiff's choice of forum – the court find that this factor favors plaintiff. Plaintiff's choice of forum is always accorded substantial weight, and a court will not grant a motion under § 1404(a) unless the defendant makes a strong showing of inconvenience. See Decker, 805 F.2d at 843; see also Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd., 61 F.3d 696, 703 (9th Cir. 1995) ("there is normally a strong presumption in favor of honoring the plaintiff's choice of forum"). Defendants have not made this showing.

With regard to the fourth factor – the parties' contacts with the forum and the connection between plaintiff's cause of action and the chosen forum – the court finds that this factor favors neither side. Defendants have established that Incledon is a resident of Arizona, who manages two businesses in that state, and that RNI is an Arizona limited liability company, which has limited contacts with California. RNI's only real contacts with

9

California appear to be based on RNI's operation of a website through which RNI sells nutritional supplements to individuals throughout the country, including California. Defendants have not established that plaintiff has any significant contacts with Arizona. The court finds that defendants have not established that this factor strongly favors defendants.

With regard to the fifth factor – the differences in the costs of litigation in the two forums and congestion of the courts – the court finds that this factor favors neither side. Defendants have made no showing regarding the relative congestion of the courts in the two states, and it appears that either side will incur costs if the litigation goes forward in the other side's state.

With regard to the sixth factor – the ability to compel attendance of unwilling non-party witnesses – defendants make no argument.

With regard to the seventh factor – the ease of access to sources of proof and the convenience of the witnesses – the court finds that defendants have not met their burden, as they have not identified any sources of proof, and have identified only one witness by name. Nor have they stated in any detail what testimony they expect from their witnesses. The convenience of the witnesses is often the most important factor when determining which forum would be the most convenient. See Florens Container v. Cho Yang Shipping, 245 F.Supp. 2d 1086, 1092 (N.D. Cal. 2002) (citing 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3851).

Here, however, defendants have provided only minimal evidence showing that it would be inconvenient for their witnesses to appear in a California action, because they have provided little information about their witnesses. They have argued that Incledon would be inconvenienced if he had to travel to California, but Incledon is a party, not a witness.[3] On the other hand, plaintiff has similarly not identified any witnesses other than the attendees at the July 2006 meeting at plaintiff's California home. As to those

---

[3] However, the convenience of parties is also a factor under § 1404(a).

witnesses, he has provided no information regarding state of residence and no evidence establishing that it would be inconvenient for those witnesses to appear in an Arizona court.

With regard to the eighth factor – the relevant public policy of the forum state and whether there is a local interest in having localized controversies decided at home – defendants have not identified any relevant public policy, other than the policy of each state to protect the interests of its own citizens.

With regard to the ninth factor – the unfairness of imposing jury duty on citizens in a forum unrelated to the action – defendants have not established that transfer is warranted. The complaint does not allege any causes of action under Arizona law, and defendants have not established that the RNI operating agreement (which provides that Arizona law will control "the conduct of" RNI affairs and the relationship between the members of RNI and the LLC as well as the relationship of the members to each other) is at issue in any of the causes of action alleged in the complaint.

The court is dismayed at the expenditure of judicial resources necessitated by the fact that two separate cases arising out of the failed business relationship between Mr. Romanowski and Mr. Incledon are now pending in two separate federal judicial districts. Nevertheless, the court finds that the motion to transfer the present action to the District of Arizona should be DENIED because defendants have not met their burden of showing that the convenience of the parties and the witnesses, and the interests of justice, favor transfer, and because the present action was filed first, in the judicial district that is plaintiff's choice of forum.

**IT IS SO ORDERED.**

Dated: January 31, 2007

PHYLLIS J. HAMILTON
United States District Judge